Law Library

FILED
SUPERIOR COURT
OF GUAM

2013 NOV 29 AM 11: 06

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

FIRST HAWAIIAN BANK, a Hawaii banking corporation,

                Plaintiff,

       vs.

BRIAN ANDREW CRUZ PEREZ, in his Capacity as Administrator for the Estate of Dolores C. Perez,

                Defendant(s).

Civil Case No. CV1956-10

**DECISION AND ORDER**

This matter came regularly before the Court on October 10, 2013, for a status hearing and upon Plaintiff's *Ex Parte* Motion to Amend Complaint to add the estate of Dolores C. Perez. Present at the hearing was Roy T. Chikamoto, Esq. counsel for First Hawaiian Bank, Defendant Brian A.C. Perez, and Matthew S. Kane, Esq., counsel for the Estate. For the reasons below, the Court hereby determines that it does not have jurisdiction to grant or deny the instant motion.

**BACKGROUND**

On December 9, 2010, First Hawaiian Bank (hereinafter "Plaintiff") filed a complaint seeking to collect on a credit card debt. The complaint was filed against Defendant Brian Andrew Cruz Perez in his capacity as Administrator for the Estate of Dolores C. Perez. On December 17, 2010, the matter was assigned to the Master Court Calendar. Defendant was served with the summons and complaint on December 27, 2010. No responsive pleading has ever been filed nor had a request for entry of default ever been made.

On November 26, 2012, Plaintiff filed an *Ex Parte* Motion to File Amended Complaint seeking to add the Estate of Dolores C. Perez. No responsive pleading in opposition to the motion had been filed.

## DISCUSSION

The powers of the magistrate judge are outlined in statute. *See* Title 7 GCA §§ 4401 *et seq.* As it pertains to civil cases, the magistrate is empowered to:

> (2) enter judgment upon confession of judgment or default judgment in a civil case when a party alleges a sum certain is due;
> (3) preside over post-judgment collection proceedings in civil cases and restitution judgments in criminal cases, and issue writs of execution and other orders in such proceedings. . .

7 GCA §4401(b)(2)(3).

Plaintiff's motion before the Court is neither the request to enter a default judgment nor a post-judgment collection proceeding. As such the court is without jurisdiction to entertain the motion and the matter must be referred to a general jurisdiction court for disposition.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the matter be assigned to a court of general jurisdiction to dispose of the motion.

Dated this _____ day of ___NOV 2 9 2013___, 20_____.

_____
Honorable
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam.

Dated: NOV 2 9 2013

JERILYN J. DUENAS
DEPUTY CLERK, Superior Court of Guam